**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10111 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00006-1 |
| v. | |
| VINCENT DAVID CABRERA, Jr., AKA Bong, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Submitted February 4, 2021[**]
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Vincent David Cabrera, Jr. appeals the sentence imposed following his guilty plea to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review a district court's factual findings for clear error, *United States v. Doe*, 778 F.3d 814, 821 (9th Cir. 2015), and the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion, *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

1. The district court did not clearly err by finding that Cabrera maintained a premise for the purpose of manufacturing methamphetamine, thereby warranting an enhancement under U.S.S.G. § 2D1.1(b)(12). Cabrera argues that the district court failed to adequately address his objection to the application of this enhancement, particularly that manufacturing was not a primary purpose of the hotel room. But the district court explicitly "overrule[d] the defense's objection" by concluding that "defendant maintained a premise for the purpose of manufacturing or distributing methamphetamine." *See United States v. Job*, 871 F.3d 852, 870 (9th Cir. 2017). This finding was not clear error because the government offered evidence at sentencing that Cabrera maintained the hotel room for the primary purpose of manufacturing. *See id.*[1]

2. The district court did not abuse its discretion in applying the enhancement for substantial risk of harm to human life under U.S.S.G. § 2D1.1(b)(14)(c) to Cabrera's offense. *See Gasca-Ruiz*, 852 F.3d at 1170. Particularly, the district

---

[1] Because evidence of Cabrera's use of the hotel room is sufficient to affirm the district court's finding that Cabrera maintained a premise for the purpose of manufacturing, we need not discuss whether Cabrera maintained Repeki's house for the purpose of manufacturing.

court did not "rest application of the enhancement on facts that are necessarily common to most or every manufacture." *See United States v. Staten*, 466 F.3d 708, 716 (9th Cir. 2006). Rather, the district court properly considered and applied the relevant factors in U.S.S.G. § 2D1.1, cmt. n. 18(B)(i). *See Staten*, 466 F.3d at 715–17. And the district court did not err in finding the enhancement applied because the government presented evidence at sentencing that Cabrera's offense created a substantial risk of harm to human life.

3. The district court did not clearly err in finding that Cabrera was an organizer or leader under U.S.S.G. § 3B1.1(a).[2] For the enhancement under § 3B1.1(a) to apply, Cabrera must have exercised control or organizational authority over others. *See United States v. Ingham*, 486 F.3d 1068, 1074–76 (9th Cir. 2007) (citing *United States v. Avila*, 95 F.3d 887, 889–90 (9th Cir. 1996)). Here, the district court found that Cabrera had a "leadership role as an organizer" of manufacturing—noting that Cabrera brought the "shake and bake" process to Saipan, where others relied on Cabrera to teach the process; Cabrera directed others to buy pseudoephedrine; and Cabrera identified ways to bring in other materials, such as by shipping packages in someone else's name. The district

---

[2] Because the parties stipulated that there were five or more participants as required by U.S.S.G. § 3B1.1(a), the issue is whether Cabrera was an organizer or leader.

court's finding was not clear error because it was also supported by the evidence the government presented at sentencing.

    **AFFIRMED.**